Storks, C. J.
Whatever may be the right of a justice of the peace at common law to perfect his records while he holds his office, in regard to the place where it should be done, we are of the opinion that, by a just construction of the act (Rev. Stat., tit. 1, § 139,) authorizing a justice of the peace removed from, or not reappointed to office, for other cause than the commission of some crime, he has a right, as occasion may require, to exercise that power at any place, whether within or without this state. The act is entirely unrestricted as to the place where the power may be exercised, and, by imposing the restriction claimed by the defendant, its object would frequently be entirely defeated or a compliance with it rendered extremely inconvenient, while we perceive no possible benefit which can result from confining the exercise of the power to any particular place; and we think that we further the design of the legislature in giving to the statute in this respect a broad construction. The court below therefore properly excluded the evidence offered by the defendant on this point.
*436 *The record of the recognizance on which- the suit was brought being thus properly before the court, the defendant offered, by parol testimony, to disprove' the statement in that record that he appeared before the justice and entered into the recognizance ; which testimony was objected to by the plaintiff, as being inadmissible from the character of the record which it was offered to contradict, and also because the defendant was estopped to deny the validity of the recognizance in consequence of the facts which he then proceeded to prove; and on those facts being found true by the court, it decided that the defendant was so estopped, and thereupon rejected the evidence thus offered by him for the purpose of impeaching the validity of the recognizance. We are strongly inclined to think that, independently of the question of estoppel, it was not competent for the defendant to impeach the recognizance by showing the statement in it which has been mentioned to be untrue, but it is unnecessary to decide this point, because we are fully of the opinion that the defendant %vas, by the facts found by the court, estopped from thus falsifying the record of the recognizance, and that therefore the evidence offered for that purpose was properly rejected. This court found upon that point that he, by his fraudulent conduct and false testimony, had intentionally misled the plaintiff, by inducing him to believe that he, the defendant, had entered into a valid recognizance for the prosecution of the suit in which it was represented to have been taken, to secure the defendant in that suit, the present plaintiff, for his costs, and had thereby prevented the latter from moving for and obtaining a good bond of recognizance for the prosecution of that suit. Upon these facts ,we have no doubt that, on the principles which we have repeatedly adopted in regard to estoppels in pais, it was not competent for the defendant to deny the validity pf the recognizance. The plaintiff in that suit was a bankrupt, and this was known to the present plaintiff, and he would have moved for and obtained a sufficient bond for the prosecution £ *535 ] of the suit *against him if he had not believed that one-had already been given by the present defendant, who was stated in the writ to have given such a bond ; and the latter, knowing all these facts, took no measures to undeceive the plaintiff, but, on the contrary, on his examination as a witness on the trial of that cause, testified-that he had given bonds for its prosecution. We have no doubt that the court below was fully warranted in its finding on the subject, and also in its conclusion of law that the facts thus found precluded the defendant from denying that he had entered into such a recognizance. But the question here is not, whether that court properly weighed *437 that evidence and was justified by it in its finding, but whether the evidence was admissible for the purpose for which it was offered ; and on that point there can be no doubt that it conduced to prove the facts found by the court, and was therefore properly received. This disposes of that objection to the evidence.
But the defendant claims that the matter which created the estoppel could not be shown by the plaintiff, because it was not set up by way of replication to the defendant’s plea. We are inclined to think that, as no such objection was made when the evidence was offered, it is not now competent, under our rules, for the defendant to avail himself of it. But however that may be, this objection is, in our opinion, not well founded.
In the first place, the plea in this case was nul tiel record, which tendered an issue only as to the existence of the record of the recognizance mentioned in the declaration. The notice accompanying that plea, that the defendant would prove under it that he never appeared before the justice or entered into the recognizance, is to be disregarded on the present point, as it formed no part of the plea or of the record in the case, and therefore did not require, nor was it the subject of, an answer by the plaintiff. Now, if it were practicable and admissible on the issue thus tendered by this plea, to reply an estoppel in pais arising from the conduct or representations of the defendant, against a denial by him even of the existence of the record, it is very questionable, under *the rules of [ *536 ] pleading with regard to estoppels, whether a replication of that character would be good, which is an answer to a plea containing no affirmative matter, and which sets up only such conduct or declarations of the defendant as were inconsistent, not with the non-existence of the record, but only with the falsity of the statements it contains, and therefore at the most only by implication admitted its existence. It would seem, from the great strictness required in pleadings of this peculiar description, that the estoppels which they set up should be of a direct, explicit and unequivocal character, and not such as are created by mere implication or inference. But, in the next place, we think that it was not practicable, consistently with the established rules of pleading, to frame a replication in this case in such a manner as to present fully, clearly, and as a matter for legal adjudication by the court, the facts constituting the estoppel claimed by the plaintiff in this case; and hence that it does not fall within the general principle requiring estoppels to be pleaded in order to make them binding, which does not apply to cases where there is no opportunity to do so. The estoppel relied on here, unlike those created by deed or record, to which *438 that general principle, applies, and which are of a strictly legal character, is founded on the existence and influence of conduct and declarations of a party which are not susceptible from their nature of that precision and accuracy of statement which is required.in technical pleadings, and moreover depends on equitable considerations which do not admit of being presented according to the prescribed formulas of legal statements. The question of the necessity of pleading an estoppel in pais, like the one now before us, was decided in Freeman v. Cooke, (2 Excheq., 654,) and, in our opinion, correctly. That was an action of trover, brought by the assignees of a bankrupt ágainst a sheriff for the conversion of the bankrupt’s goods seized under a fi. fa against G. & 'D., and under the plea of “not possessed” it appeared that immediately before the seizure the bankrupt told the officer that the goods were the property of C, and immediately afterwards contradicted that statement and [ *537 ] said that *they were the goods of D. The jury found that the goods were in reality the bankrupt’s, but that he represented the goods to the officer as the goods of G, so as to induce the officer by that false representation to seize them • and to the claim of the defendant, that the conduct and declarations of the bankrupt would estop him, and consequently estopped his assignees, from claiming that the property of the goods was in the bankrupt, the objection of the plaintiff that, supposing that to be so, the facts creating the estoppel ought to have been pleaded, was overruled, on the ground that such an estoppel need not be pleaded. Parke, Baron, in giving the opinion of the court says, “It is certain that estoppels by record and deed must, in order to make them binding, be pleaded, if there be an opportunity, otherwise the party omitting to plead it waives the estoppel, and leaves the matter at large, on which the jury may find according to the truth. With respect to estoppels in pais', in certain cases there is no doubt they need not be pleaded in order to make them obligatory. For instance, where a man represents another as his agent, in order to procure a person to contract with him as such, and he does contract, the contract binds in the same manner as if he made it himself, and is his contract in point of law, and no form of pleading could leáve such a matter at large, and enable the jury to treat it as no contract. The same rule appears to apply to all similar estoppels in pais, as the learned editor of Williams’ Saunders, (Yol. 1, p. 326, n. 4,) expresses his opinion. The estoppel therefore, if .it be one created by the conduct of the bankrupt in this case, is hot opened by the omission to plead it; and the only question is whether it be an estoppel ? ”
*439 We therefore do not advise a new trial.
In this opinion the other judges concurred; except IIinman, J., who having tried the case in the court below, did not sit.
New trial not advised.