# Wood *v.* Brewer & Brewer.

*Action for Work and Labor done.*

1. *Opinion of witness; what not objectionable as.*—A statement of a witness, testifying for himself in an action for work and labor performed, that "*he did good work*," is not objectionable, on the ground that it is a mere opinion, and not the statement of a fact.

2. *Transfer of account sued on; what can not be inquired into.*—What a transferree paid for the account sued on, is wholly immaterial, and can not be inquired into unless put in issue by proper plea.

3. *Reputation of workman; testimony in support of, when error to allow.*—Where the reputation as a laborer of the person who did the work, is not assailed, it is error to allow testimony to be given in support of it.

4. *Witness; when can not testify as to value of services.*—A witness who is not shown to have any knowledge of the services rendered, can not testify as to what such services are worth.

5. *Declarations of defendant; when plaintiff may prove.*—When the defendant denies the contract of hiring, the plaintiff, suing to recover for work done under it, may prove the defendant's declarations while giving bond to release the laborer from jail, that he wanted the prisoner to work for him.

6. *Evidence; when sufficient to sustain verdict for plaintiff.*—In civil cases, a verdict may be rendered for the plaintiff, if the evidence produces a rational conviction of the existence of the facts entitling him to recover.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

This was an action, brought by appellees against appellant,

for work and labor done, at the appellant's plantation, by one Ed. Graham, who had transferred his account for the same,. to appellees. The defendant pleaded *non-assumpsit*, and the statute of frauds as to a promise to pay the debt of another.

The plaintiffs introduced Ed. Graham as a witness, who testified that he was taken out of jail by defendant, and went immediately to defendant's store and entered into a contract with defendant to be a laborer on defendant's plantation; that defendant told him he was paying from $5 to $8 per month for good hands, and would pay him (Graham) accordingly; that he consequently went and worked on defendant's. plantation from March until a short time before the following Christmas. Witness was asked by plaintiff to "state whether or not he did good work," to which request defendant objected, on the ground that it was illegal, and called for the opinion of the witness. The court overruled the objection, and the defendant excepted. The witness then stated that he did good work. On cross-examination, defendant asked the witness "What did the plaintiffs give you for the account sued on?" to which the plaintiffs objected, and the objection being sustained, the defendant excepted. Another witness was then introduced by the plaintiffs, and testified that he knew Ed. Graham, who had worked for him. Plaintiffs then asked the witness "What was Ed. Graham's reputation as a laborer?" to which question the defendant objected,. and being overruled by the court, took an exception. Witness then stated that his reputation was good. Plaintiffs then asked said witness "What were the services of Graham worth?" to which defendant objected, and being overruled by the court, excepted. Witness then stated that his services. were worth from $6 to $8 a month. Plaintiffs then introduced the sheriff as a witness, and asked him about certain conversations that the witness had with defendant, and what they were. The defendant objected, but was overruled, and excepted. The witness then stated that before Graham was taken from jail, defendant came to witness to know what bond would be necessary to release Graham from jail, and said to witness that he wished to get him out, and have him work for him (defendant) on his place. The bill of exceptions states that the evidence was conflicting on the point as to the contract of hiring, by the defendant, of Ed. Graham.

The defendant asked the court, in writing, to charge the jury, that "after considering all the evidence, if their minds were in a state of doubt as to whether the defendant hired Ed. Graham under the contract sued on, they must find for

[Wood v. Brewer & Brewer.]

the defendant;" which charge the court refused, and defendant excepted.

The several rulings of the court, as above stated, are now assigned as error.

J. A. BILBRO, for appellant.

W. C. McIVER, contra.

BRICKELL, C. J.—1. We do not perceive that a witness, testifying in an action for work and labor done by himself, in stating *that he did good work*, is expressing an opinion, or a conclusion from facts, rather than a fact. If he is, it is difficult to conceive of any matter, involving a combination of facts, which is not subject to a like objection.

2. It was wholly immaterial, whether the witness had transferred the account with or without consideration. The fact of transfer was not in issue, nor its fairness; and the court correctly refused to permit any inquiry into the consideration attending it.

3. The reputation of the person performing the work, as a laborer, was not assailed; and the court erred in permitting it to be supported.

4. A witness generally must depose to facts within his knowledge, and can not be permitted to testify upon mere conjecture or belief. The witness, Henderson, had not, so far as is shown, any knowledge of the services actually rendered by Graham, and his testimony as to their value could have been founded only on conjecture or belief.

5. It was permissible to prove by the declarations of defendant, that his purpose in taking Graham out of jail, was to obtain his services; and this is the substance of the testimony of the witness Felts—the sheriff.

6. The charge requested was properly refused. In civil cases, the evidence is sufficient if it produces a rational conviction, though it may not remove all doubt and uncertainty. *Jarrell v. Lillie*, 40 Ala. 271.

For the errors pointed out, the judgment must be reversed and the cause remanded.