GEORGE MCCANN, ADMINISTRATOR, ET AL. (ELMIRA ROOFING COMPANY) *vs.* GEORGE A. GOULD.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is within the discretion of the trial court to permit a competent witness who is familiar with and has examined voluminous account books, to testify as to the result of his examination, or to present schedules verified by his testimony, showing the details of the computation; but in such case the books themselves must ordinarily be

produced for inspection or for purposes of cross-examination, if required by the opposing party.

Argued January 17th—decided March 30th, 1899.

ACTION against the defendant as indorser of three promissory notes, brought to the Superior Court in Fairfield County and tried to the jury before *Robinson, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

No question of importance or general interest was involved except one with regard to the admission of the evidence of the bookkeeper, and by direction of the judges the opinion of the court upon the rest of the case is not printed.

The facts essential to an understanding of that portion of the opinion which is printed, are as follows : —

The Elmira Roofing Company was a copartnership composed of William A. Gilldea and Charles Hazard, carrying on business at Elmira, New York. The Gould Roofing Company purchased the business of the Elmira Company and the notes in suit, made by the Gould Company to the order of the defendant and by him indorsed, were given in part payment of the purchase price.

The defendant offered evidence to prove and claimed to have proved, that on the 23d of October, 1894, when the sale to the Gould Company was being consummated, the said Gilldea and Hazard represented to the defendant that the business of the Elmira Company was very valuable; that one Theron A. Gould was and had been associated with them to all intents and purposes as a partner, and that there was due to him from the Elmira Company about $7,000, which, with the consent of the said Theron A. Gould, who was about to become identified with the Gould Company, they would indorse upon the notes delivered to the Elmira Company; that the defendant was influenced and induced by said representations to indorse and deliver said notes; that said representations were false and fraudulent, that the business of the Elmira Company was worthless, that there was nothing due to said Theron A. Gould, and that the said Gilldea and Hazard never intended to make any indorsement of payment whatever on

account of such indebtedness upon said notes or any of them. Further facts are stated in the opinion.

*Goodwin Stoddard* and *William B. Boardman*, for the appellant (defendant).

*Stiles Judson, Jr.*, for the appellees (plaintiffs).

HALL, J. . . . The court, against the defendant's objection, permitted Mr. Bacon, a professional bookkeeper who had charge of the plaintiffs' books at the time the notes in question were given, and who had examined them for the purpose of ascertaining the facts to which he testified—the books themselves having apparently been present in court—to state what balance was due Theron A. Gould upon the books at the time said note was indorsed; and to testify what at that time the interest of Theron A. Gould was, assuming he had one third of the profits and that the outstanding accounts upon the books on that date had been collected and the merchandise sold had been paid for.

The evidence received was relevant. It tended to prove that the representations, which the plaintiffs conceded they had made, were true; and was admissible to rebut the proof of fraud offered by the defendant. The court was justified in allowing the facts to be proved by the testimony of the bookkeeper. Though the facts testified to could have been ascertained from the books of account, by computation, and as the result of many other facts, they were nowhere explicitly stated in the books. When the facts sought to be proved are of such a character, and the books or accounts are voluminous, so that the examination of each item during the trial would consume much time and it would be difficult for the jury to understand the accounts, or make the necessary computation, the court may in its discretion permit a competent witness who has examined the books with reference to the point sought to be established, to testify to the result of such an examination, or to present schedules verified by his testimony, showing the details of the computation he has made. But in such

cases, unless there is some legal excuse for not producing the books of account from which the witness has obtained the results testified to, they must be produced, if required by the opposing party, for examination, or to enable him to cross-examine the witness. 1 Greenl. on Ev. (13th ed.) § 93, pp. 115 and 116, and note 3.

There is no error in the rulings complained of.

In this opinion the other judges concurred.