Taulbee v. Moore.

---

CASE 96—ACTION ON CONTRACT—JUNE 3.

# Taulbee v. Moore.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. EVIDENCE—BREACH OF BUILDING CONTRACT—CONCLUSION OF WITNESS.—Where the building contract sued on was in parol it is not error to permit the plaintiff to state generally that the house was built according to the contract.

2. SAME—EVIDENCE IN CHIEF.—The order in which evidence is to be introduced is within the sound discretion of the trial court; and this court will not reverse for a refusal to permit appellant to introduce additional evidence in chief after the appellee had closed his testimony.

3. MEASURE OF DAMAGES—BREACH OF BUILDING CONTRACT.—The measure of damages for a breach of a building contract where there has been substantial compliance is the difference between the value of the building constructed as it is and what it would have been worth if it had been constructed according to contract.

4. APPEAL—IMMATERIAL ERROR—The finding of the jury that there had been no damage for breach of contract makes any error in the criterion of damage immaterial.

ED. C. O'REAR FOR APPELLANT.

1. BUILDING CONTRACT—DAMAGES TO OWNER FOR BREACH OF—WHAT IS PROPER MEASURE.—The owner of a lot contracts with builder to erect house of certain kind thereon. The contractor builds a materially different kind than that contracted for. We insist that the measure of damages to owner is not the difference between the character of the house actually built and the one contracted for; but is the sum necessary to construct a building as contracted for; or to remodel or reconstruct the one built until it is according to the contract. Keihl v. Kline, 15 Ky. Law Rep., 158.

2. EVIDENCE—OPINION.—It is error to allow a witness in a controversy concerning whether a house was built according to contract, to state his opinion that it was built according to contract, or to say that the work was done in a workmanlike manner.

3. EVIDENCE—PRACTICE UPON THE INTRODUCTION OF.—The party holding the burden announced through and after the other party had concluded his evidence, the party first named proposed to offer another witness whose testimony was material and would have been in chief, under an avowal from his counsel that he had misunderstood the point upon which the witness was to have been used, and was thereby misled into the error. We insist that it was error to exclude the testimony of the witness. Com. v. Patterson, 10 Ky. Law Rep., 167; Cumberland T. & T. Co. v. Weaver, 13 Ky. Law Rep., 207; Wandstradt v. Percival, 4 Ky. Law Rep., 834.

4. INSTRUCTIONS.—The court should have submitted to the jury in appropriate instructions the respective contentions of plaintiff and defendant as to what was the contract in litigation; and

Taulbee v. Moore.

then in a direction to find for the one or the other according as
they might find the contention of that one was sustained by the
evidence.   It was error to give the jury an instruction to find
for the plaintiff unless the defendant proved the contract was
different from what plaintiff claimed it was.   Taylor v. Arm-
strong, 5 Ky. Law Rep., 252; National Bank v. Mattingly, 92
Ky., 653.

SAME COUNSEL FOR APPELLANT IN A PETITION FOR A REHEARING.

W. A. DeHAVEN AND TYLER & APPERSON FOR APPELLEE.

1. In a suit upon a contract for the construction of a building, it is
competent for a witness to give his opinion that the work was
done in a skillful manner or according to contract.- 1 Greenl.
Ev., p. 440; Jones on Ev., secs. 369, 362, 365; Ill. Ry. Co. v. Van-
Horn, 18 Ill., 257.
2. It was not an "abuse of discretion" for the court to exclude the
testimony of appellant's son offered in chief after plaintiff had
closed his testimony.   Jones on Ev., sec. 811; Mutual Life Ins.
Co. v. Thompson, 94 Ky., 253.
3. Instructions giving undue prominence to certain. portions of the
testimony should not be given, hence the court properly re-
jected instructions A and C asked by appellant.   Flood y. Pragoff,
&c., 79 Ky., 607; Ky. Tobacco, Assg. v. Ashley, 5 Ky. Law Rep.,.
184; Com. v. Hourigan, 89 Ky., 305; McLaughlin v. Lou. Elec-
tric Light Co., 18 Ky. Law Rep., 693; Com. v. Gray, 17 Ky. Law
Rep., 354; McClurg v. Inglehart, 17 Ky. Law Rep., 913; L. &
N. R. R. Co. v. Banks, 17 Ky. Law Rep., 1065.
4. The measure of damages for failing to construct a house according
to contract is the difference in value between the house as con-
structed and as it should have been under the contract.   Short
v. Moore, &c., 19 Ky. Law Rep., 1225.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by appellee to recover a balance
of $258.68 alleged to be due upon a contract made with
appellant to build an addition to his house at an agreed
price of $458.68, $200 having been paid in cash.

Appellant, in his original answer to appellee's claim, said
that the work was not done in a workmanlike manner, and
alleged that it was a part of the parol contract between
them that the brickwork was to be executed so as to leave
the inside surface of the walls as smooth as the outside;

that the joints were all to be struck and pointed, so as not to require plastering, and that appellee had violated this provision of the contract, and left the inside surface of the wall so rough and unsightly as to require it to be plastered, which would cost him at least forty dollars; that he had been damaged in the sum of twenty-five dollars by reason of the lintels put in the building not being of good material; that the guttering had been changed, so as to cause him to spent three dollars; that appellee failed to make a valley in the roof, which caused the water to run down into the building, to his damage in at least the sum of ten dollars, and that he had allowed rubbish to fall into his cellar, to his damage of two dollars and fifty cents; that appellee was indebted to him for forty-five dollars for medical services rendered to one Hill, at his special instance and request, and for an account due the firm of Taulbee & Hayden, which had been assigned to him, for twenty-nine dollars; and by an amended petition appellant alleged that it would cost him at least $300 additional expense to take down the brick walls erected by appellee and rebuild them with struck joints on the inside, as provided by the contract,—all of which he pleads by way of set-off and counterclaim against appellee.

The trial resulted in a verdict and judgment for appellee for the amount sued for, which we are asked to reverse on account of several alleged errors to appellant's prejudice.

It is contended that the court erred in permitting appellee to state to the jury that the work was done according to the contract.

As the contract was a verbal one, and the parties differ essentially as to its terms, it seems to us, after giving his version of it, appellee was entitled to state

to the jury that the work had been performed in accordance therewith.

Another ground relied on is that the trial court erred in refusing to allow appellant to introduce his son as a witness to testify to facts which should have been properly introduced in chief after appellee had closed his testimony.

The only reason assigned why this witness was not introduced at the proper time is that counsel for appellant did not know what his testimony would be at that time. This is a matter that rests very largely in the discretion of the trial judge, and will not be interfered with here unless it is manifest that there has been a palpable abuse of discretion, which fact does not sufficiently appear from the testimony in the record.

But the chief ground of complaint is that the trial court erred, to appellant's prejudice, in the instruction as to the measure of damages which reads as follows:

"The measure of damages in the case is the difference, if any, between the value of the building constructed as it is and what it would have been if it had been constructed according to the contract."

Appellant insists that it was the duty of the court to have told the jury "that, if they believed from the evidence that plaintiff was to so construct the building as to make the inside of the wall as smooth as the outside, and of first-class material, and had not done so, that they should find for appellant, and fix the damages at such a sum as they believed from the evidence would be necessary to take away said walls and replace them by walls of first-class material and workmanship, and as smooth on the inside as on the outside."

There is no testimony in this case which conduces

Taulbee v. Moore.

to show that the walls erected by appellee for appellant were not a reasonably good job, and fitted for the purpose for which they were intended. There were no plans or specifications for appellee's guidance in their construction, and they seem in the main to conform to the designs testified to by both parties. The proof shows that it is impracticable to build a brick wall only one brick thick so as to leave the surface on both sides perfectly straight and smooth. The usual building brick is twice as long as it is wide, and it is therefore manifest that when laid laterally in the wall there is bound to be a space between them for mortar to hold them together, and that bricks laid in this way will necessarily project a little further on one side than header courses of the same size brick. This difficulty can be easily overcome in thicker walls, but it is not apparent how it could be accomplished in a wall only nine inches thick. Besides, the testimony shows that appellant paid $200 on the job, after the greater part of the brickwork had been completed, without objection to the manner in which it was being done.

We do not think the measure of damages contended for by appellant is a sound or just one. "The rule of law is that, where a party sustains loss by reason of a breach of contract that he is, so far as money can do it, entitled to be placed in the same situation with respect to damages as if the contract had been performed, and that these damages should be limited to such as may be reasonably supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." (See Lawson on Contracts, p. 250.)

If appellant is right in his theory, appellee might be mulcted in damages in a sum equal to the entire contract price agreed to be paid to him for the job of work on ac-

count of a comparatively inconsequential failure to literal-
ly comply therewith, and which did not affect the real value
of the work done by him. Whilst it may be true that if a
contractor should disregard the plans and specifications
under which a building was to be erected, and erect one
substantially dissimilar, the owner might refuse to receive
or pay for the property, but where there has been, as in
this case, a substantial compliance, it seems to us that the
true criterion of damages is that laid down by
the court.

We think the instructions offered by appellant were
objectionable, for the reason that they gave un-
due prominence to certain portions of the testimony. Be-
sides, as the jury found that appellant was not damaged at
all in the erection of the building, it does not appear that
he was prejudiced by a mere error in the standard for the
measurement of damages; and, after a careful consideration
of the case, we are disposed to think that there was no
error to appellant's prejudice in the instructions given
the jury.

For reasons given, the judgment is affirmed.