## STATE OF CONNECTICUT *v.* JOHN REINOSA

SUPERIOR COURT     TOLLAND COUNTY     FILE NO. 3203

Memorandum filed October 21, 1970

*Robert J. Pigeon,* state's attorney, for the state.

*Leo B. Flaherty, Jr.,* of Rockville, for the defendant.

PARSKEY, J. This case presents the classic example of a judicial mishmash. To begin with, the state has filed a demurrer to a motion. A motion is complete in itself. It requires no responsive pleading. The state's demurrer is mere surplusage which the court will expunge on its own motion.

To complicate matters still further, the defendant has filed a motion to quash and dismiss. If by means of this siamesed motion the defendant seeks

to create a new centauric pleading and if he intends by this creation to introduce into state practice the federal motion to dismiss, then the court cannot accept the defendant's ex parte innovation, however well intentioned. *Vigue* v. *John Hancock Mutual Life Ins. Co.,* 147 Conn. 305, 306. Although the court has the inherent power to dismiss a case for want of prosecution; 8A Moore, Federal Practice § 48.03[1]; Kosicki, "The Function of Nolle Prosequi and Motion to Dismiss in Connecticut," 36 Conn. B.J. 159, 168, the statutory motion to dismiss under § 54-56 of the General Statutes is quite another matter. "The purpose of . . . [this] law and the philosophy back of it was to prevent unchecked power by a prosecuting attorney." *State* v. *Carroll,* 13 Conn. Sup. 112. It was not designed to control the actions of a grand jury. The court will therefore assume that the defendant's motion is the common-law motion to quash.

At common law, a defective indictment may be attacked by a motion to quash or a plea in abatement. The motion to quash is employed for defects appearing on the face of the indictment; 4 Wharton, Criminal Law and Procedure § 1853; it is addressed to the discretion of the court, and it will be granted only if it clearly appears that no judgment can be rendered on the indictment. Ibid.

The defendant sets forth thirteen reasons for his motion: three relate to the denial to the defendant of an opportunity to be present by himself or by counsel or to testify; two relate to the preliminary examination and qualification of grand jurors; one each relates to the use by the grand jury of tape recordings, to claimed improper influence on the grand jury, to claimed erroneous instructions, to the form of indictment presented to the grand jury, and to the claimed unconstitutionality of the impaneling

statute, § 54-45. Three paragraphs which attack the indictment because the defendant allegedly was denied discovery in certain respects are patently inapplicable.

Indictments will not be quashed because of erroneous instructions to the grand jury; 4 Wharton, op. cit., § 1718; note, 105 A.L.R. 575; or because a grand juror is qualifiedly disqualified; *State* v. *Hamlin,* 47 Conn. 95, 106; or because the defendant was not permitted in the grand jury room; *State* v. *Menillo,* 159 Conn. 264, 278; or because the defendant was not permitted to have counsel in the jury room or to call witnesses on his part; *Lung's Case,* 1 Conn. 428; or because evidence which was not strictly legal was admitted. *State* v. *Fasset,* 16 Conn. 457, 472. Indictments will not be quashed for demurrable defects or for claimed defects which do not appear of record.

The state questions the propriety of the defendant's constitutional attack on the impaneling statute, § 54-45. The state's position is not well taken. Where an indictment is insufficient in law, it may be attacked by demurrer. *State* v. *Sul,* 146 Conn. 78, 80. Where a grand jury is illegally impaneled, the indictment itself is defective. Therefore, where the statute whose constitutionality is in question relates to the impaneling of the grand jury, the validity of the indictment itself is in issue and a motion to quash is appropriate.

The defendant assumes that the federal and state constitutions prescribe a particular method for selecting a grand jury, when in fact such is not the case. There is no federal constitutional right to indictment by a grand jury in state prosecutions. *Beck* v. *Washington,* 369 U.S. 541, 545. Where a grand jury is used, the only federal requirement is that there be no purposeful discrimination. *Whitus* v.

*Georgia,* 385 U.S. 545, 550. In other words, there must be no intentional and systematic exclusion of a group or a class from a grand jury. *Hernandez* v. *Texas,* 347 U.S. 475, 477. Since there is nothing in the language of § 54-45 which evidences such exclusion, the statute on its face is constitutional.

The defendant further argues that the statute as applied is unconstitutional because of the systematic inclusion of certain groups. The court cannot assume this is so under a motion to quash where there is nothing in the record to support this claim. Of more than passing interest is the fact that our Supreme Court considered and rejected this claim in *State* v. *Davies,* 146 Conn. 137, 143.

The defendant's further claim that the grand jury statute is unconstitutional because of vagueness is also without merit. There is no constitutional requirement that the statute prescribe standards for selection of a grand jury. No special method of selection is required, if the methods used are reasonably designed to reach a fair cross-section of the community. 8 Moore, Federal Practice § 6.03[1]. The language of § 54-45 which provides that the grand jurors be "electors of the county where . . . [the superior] court is sitting" is broad enough to permit the selection of a fair cross-section of the community. Whether, as the statute was applied in a given case, such a selection resulted cannot be considered on a motion to quash.

The defendant's motion to quash is denied.