THE COMMON CONDOMINIUM ASSOCIATIONS, INC.,
ET AL. *v.* THE COMMON ASSOCIATES ET AL.
(11322)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued December 7, 1983—decision released January 31, 1984

*Philip M. French,* for the appellants (plaintiffs).

*James R. Fogarty,* with whom, on the brief, was *Robert A. Epstein,* for the appellees (named defendant et al.).

PER CURIAM. The plaintiffs have appealed from the orders of the trial court granting the defendants' motion to dissolve or modify a prejudgment remedy, an ex parte real estate attachment, which had been granted against them, and denying the plaintiffs' motion to modify the prejudgment remedy "by increasing the amount of the attachment and/or by ordering the defendants . . ." to establish an escrow account.[1] The plaintiffs request from this court an order directing that the trial court establish an escrow fund under General Statutes § 47-74d in the amount of $1,609,430.05 and issue an attachment in the amount of $5,643,235.10.

The underlying action, in nine counts, is predicated on alleged breaches of express and implied warranties, negligence, violations of escrow requirements imposed on condominium developers via § 47-74d, and conspiracy to defraud. When the plaintiffs originally applied for a prejudgment remedy, the court granted their request for an ex parte prejudgment remedy in the amount of $5,975,475. As a result of the defendants' motion to modify or dissolve, the court reduced the prejudgment remedy to the amount of $735,000. This reduction indicated the court's reliance upon the evidence and testimony submitted by the defendants' expert witness, Glendon R. Mayo. Hence, the plaintiffs' attack relative to the decreased prejudgment figure is directed principally toward the testimony of Mr. Mayo. The plaintiffs maintain, inter alia, that the witness did not qualify as an expert, that he relied extensively upon outside staff inspections, that his interpretation of the building code was erroneous, and that he failed to consider expenses already incurred.

---

[1] The original complaint alleges that "on information and belief" the escrow funds were improperly released to the benefit of the Common Associates, Arthur Collins and Arthur D. Emil.

We first note that the plaintiffs' far-reaching attack on Mayo's testimony fails to comply with the provisions of Practice Book § 3060F (c) (3), which specifies what must be included in a brief where error is claimed in a ruling of the trial court.[2] That aside, "[t]he determination of the qualification of an expert is largely a matter for the discretion of the trial court. . . . 'Some facts must be shown as the foundation of such an opinion, but there is no rule of law declaring the precise facts which must be proved before such an opinion may be received in evidence . . . .' " *Oborski* v. *New Haven Gas Co.*, 151 Conn. 274, 280, 197 A.2d 73 (1964), quoting *Coffin* v. *Laskau*, 89 Conn. 325, 329, 94 A. 370 (1915).

Parenthetically, we note that the fact that an expert opinion is drawn from other sources, inadmissible in and of themselves, does not render the opinion inadmissible. Tait & LaPlante, Conn. Evidence § 7.16, pp. 101–102. Furthermore, cost estimates can be based on data obtained from others; *Schaefer, Jr. & Co.* v. *Ely*, 84 Conn. 501, 508, 80 A. 775 (1911); including to what extent buildings are finished in a workmanlike manner. See Holden & Daly, Conn. Evidence § 120, p. 566.

In the plaintiffs' motion to modify the prejudgment remedy, they requested that the *original* attachment be modified by increasing the amount of the attachment "and/or" ordering the defendants, the Common Associates, Collins, and Emil to reestablish and fully fund the escrow account.[3] Section 52-278*l* of the General Statutes allows an appeal from an order "granting or denying a motion to dissolve or modify a prejudgment

[2] Despite the plaintiffs' failure to comply, we consider their claims since non-compliance with Practice Book § 3060F (c) (3) was merely technical.

[3] We note in passing that the use of conjunctive-disjunctive "and/or" in pleadings is deplored. *State* v. *Anonymous (1971–15)*, 6 Conn. Cir. Ct. 549, 550, 278 A.2d 827 (1971).

remedy under § 52-278e." Section 52-278e is entitled "Allowance of prejudgment remedy without hearing. Subsequent motion, hearing and order" and provides: "The *defendant* . . . may move to dissolve or modify the prejudgment remedy granted pursuant to this section . . . ." (Emphasis added.) This section does not envision a plaintiff's moving to modify his own previously obtained ex parte prejudgment remedy. Thus, the plaintiff is not afforded, via § 52-278*l*, a right to appeal the denial of such a motion.

Apparently anticipating a claim of jurisdictional debility, the plaintiffs characterize the request made below as "not technically" for a prejudgment remedy, but one for injunctive relief. Nowhere in the record is it indicated that such a claim was advanced in the trial court. What was stated in *State* v. *Reinosa,* 29 Conn. Sup. 117, 274 A.2d 452 (1970), applies with equal force here: "[T]he defendant seeks to create a new centauric pleading . . . the court cannot accept the defendant's ex parte innovation, however well intentioned." Id., 117–18.

The plaintiffs also aver that the court erred in concluding that fraud was not proven. In addition to their contention that the record is replete with evidence of fraud, the plaintiffs maintain that it is "not even the function of the court to resolve conflicting testimony" in a hearing involving a request for a prejudgment remedy hearing. We note, first, that the court found that there was no probable cause for the plaintiffs' allegation of fraud. A final determination of the issue awaits a trial on the merits. Nevertheless, the court, at a hearing on an application for a prejudgment remedy, must evaluate the arguments and evidence produced by both parties. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977). If, in weighing the evidence concerning fraud, the court concludes that, given the higher standard of proof in fraud, it is unlikely that the plaintiff will prevail, then the court in the exercise of

its discretion, may reduce the amount pro tanto. See *Michael Papa Associates* v. *Julian,* 178 Conn. 446, 423 A.2d 105 (1979); *Morganti* v. *Abramson,* 141 Conn. 176, 178–79, 104 A.2d 354 (1954). We cannot conclude that in granting the motion decreasing the original attachment the action of the trial court was clearly erroneous. See Practice Book § 3060D.

The plaintiffs' all encompassing final contention is that in limiting the introduction of evidence, the court denied them procedural due process in violation of their rights under the constitutions of the United States and Connecticut. They assert that the court unconstitutionally narrowed the plaintiffs' inquiry. Once again, in reference to this attack, the procedural rules regarding evidentiary claims; Practice Book § 3060F (c) (3); were not followed. See footnote 2, supra. Furthermore, the hearing was held over a period of six days, an unusually lengthy period insofar as the instant motions were concerned. Suffice it to say that the court was not obliged to afford a full scale hearing in view of the limited nature of its purpose. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's wide discretion is not overruled in the absence of clear error.

There is no error.