[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PROBABLE CAUSE HEARING
This is an interlocutory probable cause hearing on a statutory action under the provisions of 13a-103 of the Connecticut General Statutes dealing with an alleged I abstraction in a public highway or road in the Town of East Lyme, Connecticut.
It appears from the file, that six citizens have petitioned under the statute, claiming the appointment of a time and place for a hearing, when persons may appear and be heard, relating to a claim that the highway in question is in need of repair and encroachments need to be removed. The amended complaint also requests costs and "such other and further relief as in law or equity may appertain."
By stipulation of the, parties, on July 21, 1992, in open court, the language of the statute was interpreted to require a hearing in the nature of a probable cause hearing prior to the court setting a date for a full trial on the merits.
At the probable cause hearing which was scheduled, by agreement, for August 24, 1992, the parties appealed before the court. The plaintiffs were represented by Attorney Joseph Moukawsher. The defendants, Town of East Lyme, and their selectman, were represented by Attorney Reardon. The defendants, Ferdinand L. Drabik and Bertha Drabik, were represented by Attorney Thomas J. Riley.
The file is replete with Memorandum of Law regarding the statutory procedure, appropriate standards and claims of law regarding the matter. The plaintiffs presented the testimony of the First Selectman of the Town of East Lyme, David Cini, one of the plaintiffs, John H. Drabik, and on rebuttal, Edward Sitty, a retired engineer. The defendants, Ferdinand and Bertha Drabik, presented the testimony of Connecticut State Trooper Linda. The Town of East Lyme presented no evidence, but participated by cross-examination and the presentation of written memorandum. CT Page 8468 Various exhibits were introduced by the parties including photographs of the condition of the road. A map and correspondence from the Director of Public Works to the Town attorney.
The statute requires "due inquiry" before a hearing can be assigned. As indicated above, the parties have stipulated that this requirement is in the nature of a probable cause hearing. The court will adopt that procedural agreement of the parties for purposes of this limited hearing.
Probable cause in that regard is a bonafide belief in the facts essential under the law for the action and such as would reasonably prudent person to entertain such belief. Belief does not have to be correct or more likely true than false. Three S Development Company v. Santore,193 Conn. 174, 175 (1984).
To establish probable cause, the plaintiff has the burden of showing only the "probable validity" of his claim. It is not necessary to prove the case by a fair preponderance of the evidence. McCahill v. Town and Country Associates, Ltd., 185 Conn. 37, 39 (1981). Of course in determining probable cause, the court is required to consider the evidence and arguments of both sides. Common Condominium Associates, Inc. v. Common Associates, 192 Conn. 150, 153
(1984) . The court's function is to determine probable success by weighing "probabilities" Three S Development Company v. Santore, 193 Conn. 174-76 (1984).
Applying those standards to the evidence presented in this limited hearing, the court finds that the plaintiff has sustained the burden of proving the probable validity of the petition by the following evidence which is found to have been established by that level of proof required in the, weighing of the probabilities: Drabik Road is a public road in the Town of East Lyme maintained by the Town as shown on the Town of East Lyme Street Line Survey for Drabik Road obtained from the Town records (Plaintiff's exhibit 1).
The installation of hay bales and silt fencing in November of 1991 constitutes an encroachment on the highway and a safety hazard to those using the same. The removal is required for the common convenience or necessity of the persons lawfully entitled to the use of the highway.
The court, makes no finding at this time as to what, if any benefits, may result from such removal and may thereafter be assessed against the persons benefited under CT Page 8469 the statute.
The court therefore, pursuant to the statute, orders that a time and place be set for a hearing where all persons in interest may appear and be heard, and, further that notice be given thereof as required by Connecticut, General Statutes 13a-103.
Leuba, J.