[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGE'S DECISION
In this matter the plaintiffs filed a complaint that was dated June 1st, 1993, against the defendants claiming a breach of a written contract that was entered into between the parties on November 9, 1992. A revised complaint, dated August 6, 1993, was subsequently filed by the plaintiffs in response to a request to revise filed by the defendant dated July 21, 1993. On October 1st, 1993, the plaintiffs filed an application for prejudgment remedy seeking to attach and/or garnish property of the defendants in the amount of one hundred thousand dollars. A hearing was originally scheduled by the court for November 8, 1993, and then continued by the court by Judge Berger until November 22, 1993. On November 19, 1993, the defendants moved to disqualify plaintiff's counsel on the grounds of ex parte contact with a former employee of the defendant. Again the court through Judge Berger, granted that motion on December 22, 1993. New counsel did not appear for CT Page 92-P the plaintiff until June 3rd of 1994. The case was subsequently dismissed for dormancy on June 24, 1994. The plaintiff sought to open and set aside the dormancy dismissal by motion dated August 30, 1994. That motion was granted by the court through Judge Lavine on September 23, 1994. The case was subsequently claimed for the trial list on November 20, 1994, and trial is currently scheduled in this matter for May of this year.
On January 4th, 1995, this court commenced a hearing on plaintiff's application for a prejudgment remedy which continued on January 5, 1995, and plaintiff's evidence completed today on January 24, 1995. At the conclusion of its case the defendant moved to dismiss the application for plaintiff's failure to sustain its probable cause burden under Section 52-278 et. seq. of the Connecticut General Statutes. Under Section 52-278 et. seq. of the Connecticut General Statutes a hearing is limited to a determination of the existence of probable cause to sustain the validity of plaintiff's claim. If a court finds probable cause, a prejudgment remedy shall be granted as requested or as modified by the court. See McCahill vs. Town Country Associates, Ltd., 185 Conn. 37, CT Page 92-Q 1981. If a court finds no probable cause, a prejudgment remedy cannot properly issue or be granted. Kukanskis vs. Griffith,180 Conn. 501, 1980. A court's function is to determine probable cause by weighing probabilities. This does not require nor should there be a full scale trial on the merits. Three S. Development Co. vs. Santore, 193 Conn. 174, 1984. The court is obligated to evaluate whatever arguments and evidence both sides present. Common Condominium Associations, Inc. vs. Common Associates, 192 Conn. 150, 1984.
In the instant case the plaintiffs, Dennis Angel and Paul Shilkoff, testified in their own behalf. No other witnesses were called by the plaintiffs. This court finds the testimony of the plaintiffs to be unpersuasive to their claim against the defendants. Specifically, this court finds the testimony of the plaintiff, Paul Shilkoff, to lack substantial credibility as it was often both inconsistent and contradictory. In order for this court to grant plaintiff's application for a prejudgment attachment and/or garnishment, the plaintiffs needed to show the probable validity of their claim. After a full review of the plaintiff's evidence, this court concludes CT Page 92-R that the plaintiffs have not shown probable validity of their claim.
This is a one count complaint sounding in breach of contract based on a document executed on November 9, 1992, entered as a full exhibit, Plaintiff's number 3. The plaintiffs have not sustained their burden of probable cause that they will prevail on the underlying complaint. There is no evidence before this court that a commitment existed with Fleet Bank. Without that commitment there can be no breach of contract. Whether or not there was a duty of fair dealing between the parties, or mutuality of obligation, or contract ratification is not for this court to decide. These actions have not been pled by the plaintiff.
Accordingly, defendant's motion to dismiss the prejudgment remedy is granted, and pursuant to Section 334a of the Connecticut Practice Book as amended, I would request that this decision be transcribed and made a formal decision of this court.
Handy, J. CT Page 92-S