[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert G. Schwartz seeks a prejudgment remedy. He claims that defendant Collegian Movers, Inc. has failed to pay him in accordance with an oral compensation agreement. He claims that he was to earn an hourly wage and in addition one percent of the gross revenues of the company for each year he worked for the defendant up to a maximum of five percent. The defendant company denies that it agreed to pay a percentage of its gross revenues to the plaintiff. It claims that the parties agreed the plaintiff would receive five percent of the stock in the company provided he remained with the company for five years. For the reasons stated below, the application for a prejudgment remedy is denied.
At a hearing on an application for a prejudgment remedy, "the plaintiff need not establish by a preponderance of the evidence the final merit of his claim, but only its probable validity".Augeri v. C. F. Wooding Co., 173 Conn. 426, 428 (1977). "[T]he court must evaluate the arguments and evidence produced by both sides. Common Condominium Assn., Inc. v. Common Associates,192 Conn. 150, 153 (1984). After evaluating the testimony, this court concludes that the parties agreed that the plaintiff would earn equity in the company at the rate of one percent a year up to a limit of five percent. The plaintiff testified at the conclusion of his direct examination as follows: "I should have had 3.75 percent of the company." While he explained on cross-examination that he meant "3.75 percent of what the company brought in," the court has nevertheless concluded in light of all the testimony of the witnesses that the agreement was for stock, not gross revenues.
While the plaintiff has proven a claim for stock, he has not proven the value of his claim. There was no evidence as to the value of the stock or the assets of the company.
The application for a prejudgment remedy is denied.
THIM, JUDGE