THE ALLIED GROCERS COOPERATIVE, INC. *v.*
RICHARD CAPLAN ET AL.
(11240)

O'CONNELL, FOTI and HEIMAN, Js.

Argued December 7, 1992—decision released February 9, 1993

*Donald C. Lunt,* for the appellant (named defendant).
*Amy B. Levy,* for the appellee (plaintiff).

O'CONNELL, J. The defendant Richard Caplan appeals from the summary judgment rendered against

him, awarding the plaintiff $219,054.98 in damages, $24,250 in counsel fees and $341.20 in costs. The appeal raises two issues: (1) whether the trial court improperly granted the plaintiff's motion to strike Caplan's special defense to the third count of the complaint; and (2) whether the trial court improperly granted summary judgment in favor of the plaintiff on the second and third counts of the complaint. We affirm the judgment of the trial court.

The plaintiff brought this action against TDC Corporation (TDC) and Caplan as its guarantor for the unpaid balance on TDC's account for groceries and equipment. The obligations stem from two separate guarantee agreements signed by Caplan. The first was executed in January, 1986, and the second was executed in July, 1989. The complaint contained four counts. The first and fourth counts were against TDC, while the second and third counts were against Caplan and alleged breaches of the 1986 and the 1989 guarantees. The action was automatically stayed as to the two counts against TDC by TDC's filing of a chapter thirteen bankruptcy petition, but continued against Caplan.

Caplan's answers to the second and third counts admitted the essential allegations of the complaint except that he denied being unconditionally obligated to the plaintiff for all debts owed by TDC. Caplan also filed a special defense to the third count in which he claimed that he had signed the 1986 guarantee in reliance on the plaintiff's representations that the guarantee was limited to ensuring payment on a $43,000 promissory note.

On May 13, 1991, the plaintiff moved to strike Caplan's special defense on the basis of the parol evidence rule.[1] Caplan did not oppose the motion because

---

[1] The parol evidence rule declares inadmissible any evidence to contradict, vary or materially affect, by way of explanation, the terms of a written

he believed that his personal bankruptcy was inevitable. On May 28, 1991, the trial court granted the motion. Subsequently, there was an improvement in Caplan's circumstances and, on July 12, 1991, he moved to set aside the order granting the motion to strike. On August 12, 1991, the trial court granted Caplan's motion, but on August 27, 1991, after reargument by the parties, the trial court again granted the plaintiff's motion to strike the special defense.

On July 11, 1991, the plaintiff filed a motion for summary judgment based on Caplan's failure to respond to the plaintiff's request for admissions, dated April 5, 1991. See Practice Book § 238.[2] The plaintiff argued that Caplan had admitted each and every allegation of the complaint by failing to respond to the request for admissions. The motion was scheduled for argument on February 3, 1992, but neither Caplan nor his attorney appeared in opposition. Caplan did not file any

contract. *Lester* v. *Resort Camplands International, Inc.*, 27 Conn. App. 59, 65, 605 A.2d 550 (1992); 1 B. Holden & J. Daly, Connecticut Evidence (3d Ed.) § 83a.

[2] Practice Book § 238 provides: "(a) A party may serve in accordance with Sec. 120 upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters relevant to the subject matter of the pending action set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the existence, due execution and genuineness of any documents described in the request. The party serving a request for admission shall separately set forth each matter of which an admission is requested and shall leave sufficient space following each request in which the party to whom the requests are directed can insert an answer or objection. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon any party at any time after the return day. Unless the court orders otherwise, the frequency of use of requests for admission is not limited.

"(b) The party serving such request shall not file it with the court but shall instead file a notice with the court which states that he has served a request for admission on another party, the name of the party to whom the request has been directed and the date upon which service in accordance with Sec. 120 was made."

opposing affidavits or other documentary evidence.[3] Consequently, on February 5, 1992, the trial court granted the motion as to liability on the second and third counts.

Thereafter, a hearing in damages was scheduled for March 9, 1992. As before, neither Caplan nor his attorney appeared and judgment was subsequently rendered in favor of the plaintiff on counts two and three in the amount of $219,054.98, in addition to attorney's fees of $24,250 plus costs.

We commence our analysis with a consideration of the defendant's special defense to the third count, alleging that he was induced to execute the 1986 guarantee by the plaintiff's representation that its sole purpose was to guarantee a certain $43,100 promissory note. This pleading raises the defense of equitable estoppel, also known as estoppel in pais.[4] See Black's Law Dictionary (5th Ed.) pp. 483, 495. The trial court granted the plaintiff's motion to strike this special defense on the ground that it was legally insufficient due to the parol evidence rule.

The plaintiff argues that estoppel in pais may be raised under a general denial and need not be specially pleaded and cites *Schaefer, Jr. & Co.* v. *Ely,* 84 Conn. 501, 505, 80 A. 775 (1911), for this principle of law. Caplan, however, criticizes this citation as being retrieved from ancient history and not representative of modern law. This criticism overlooks a line of cases bringing the *Schaefer* rule into contemporary jurisprudence. See *O'Hara* v. *State,* 218 Conn. 628, 641, 590 A.2d 948 (1991); *DelVecchio* v. *DelVecchio,* 146 Conn.

---

[3] Caplan filed an unsworn "Response to Plaintiff's Motion for Summary Judgment" dated July 12, 1991.

[4] Equitable estoppel and estoppel in pais are interchangeable terms. *Brown* v. *Corn Exchange National Bank & Trust Co.,* 136 N.J. Eq. 430, 439, 42 A.2d 474 (1945), modified, 137 N.J. Eq. 507, 45 A.2d 668 (1946).

188, 195, 148 A.2d 554 (1959); *Reardon* v. *Mutual Life Ins. Co.*, 138 Conn. 510, 519, 86 A.2d 570 (1952); *Wolfe* v. *Wallingford Bank & Trust Co.*, 124 Conn. 507, 510-11, 1 A.2d 146 (1938); *Lebas* v. *Patriotic Assurance Co.*, 106 Conn. 119, 125, 137 A. 241 (1927); *Cupo* v. *Royal Ins. Co.*, 101 Conn. 586, 593, 126 A. 844 (1924).[5] Indeed, it is the rule that requires an estoppel to be specially pleaded that is archaic; see, e.g., *Shelton* v. *Alcox*, 11 Conn. 240, 250 (1836); and has not been the law for over a century.[6] See *Hawley* v. *Middlebrook*, 28 Conn. 527, 536-37 (1859) (estoppel in pais, arising from conduct, does not have to be specially pleaded).

Consequently, striking the estoppel defense did not preclude Caplan from proving estoppel, had he chosen to defend the action. Accordingly, we do not have to

---

[5] Some of these cases were decided on demurrers, the pleading precursor of the motion to strike.

[6] The sole exception appears to be *Wilmot* v. *McPadden*, 78 Conn. 276, 61 A. 1069 (1905), an action to recover damages for personal injuries resulting in the death of a minor. The plaintiff, who was the administrator of the estate of the minor decedent, appealed from the trial court's instruction to the jury that there could be no recovery if the minor decedent's parents had been negligent. The trial court reasoned that recovery, in that situation, would be impermissible because, due to the statute of distribution, "the parents of the child would be benefitted by a verdict rendered in favor of the plaintiff."

On appeal, the court recognized the error of the trial court's ruling and held that the culpable negligence of an infant's parents does not, of itself, preclude recovery of damages by the administrator. The court further surmised that "if the claim advanced [that the effect of the statute of distribution is to estop recovery] were correct, it would have no application to this case, for such an estoppel must be pleaded and proved by the defendant." Id., 285.

We do not find this case sufficiently persuasive so as to disregard the extensive line of cases holding that an estoppel in pais need not be specially pleaded. The language of the opinion plainly limits its rule to the particular type of estoppel at issue in that case. Moreover, as recognized by *Wilmot* and subsequent cases, this particular defense, which is a variant of the notion that a parent's negligence may be imputed to a minor to preclude the minor's recovery, has no legal validity. See, e.g., *Lange* v. *Hoyt*, 114 Conn. 590, 596, 159 A. 575 (1932).

decide whether the trial court improperly struck Caplan's special defense. The striking of this unnecessarily pleaded special defense, whether erroneous or not, is not reversible error because it caused no harm to the defendant. *DelVecchio* v. *DelVecchio,* supra; *Wolfe* v. *Wallingford Bank & Trust Co.,* supra. Caplan was still free to proceed to trial and offer evidence supporting his estoppel in pais theory.[7]

Accordingly, the harm to Caplan was caused, not by the loss of the special defense, but by his failure to reply to the plaintiff's request for admissions. The request included statements, that, if not contested, admitted each material allegation of the complaint. Practice Book § 239;[8] *Orenstein* v. *Old Buckingham Corporation,* 205 Conn. 572, 575–77, 534 A.2d 1172 (1987). Because Caplan did not respond to the request for admissions, those facts were conclusively established for purposes of this action. Practice Book § 240;[9] see W. Moller & W. Horton, Connecticut Practice (3d Ed.) § 240. Thus, Caplan is conclusively deemed to have admitted that (1) on or about January 22, 1986, he executed a guar-

---

[7] In his reply brief, Caplan argues that a defendant has the right to plead his case as he desires if he complies with the rules of practice. Caplan claims, therefore, that he was free to plead equitable estoppel as a special defense even though there is no such requirement in the rules of practice. Although it is generally true that a defendant may plead a defense as a special defense when a simple denial would have been sufficient, this does not alter the fact that the rules of practice do not require an equitable estoppel to be pleaded as a special defense. Consequently, whether equitable estoppel *may* be raised as a special defense, the fact remains that its being stricken as a special defense did not deprive Caplan of his ability to raise the issue.

[8] Practice Book § 239 provides in pertinent part: "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Sec. 238 (b), or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

[9] Practice Book § 240 provides in pertinent part: "Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

antee agreement, (2) the true and genuine signature of Caplan appeared on that document, (3) the guarantee agreement unconditionally guaranteed prompt payment to the plaintiff of any and all obligations owed by TDC to the plaintiff, and (4) pursuant to said guarantee agreement the plaintiff made demand on Caplan for payment of moneys owed by TDC to the plaintiff and Caplan refused and failed to make said payment to the plaintiff.

At oral argument, Caplan conceded that the 1986 guarantee was unlimited as to time so that, if the estoppel he pleaded in his special defense was not available to him, the 1986 guarantee would support the judgment. In *Orenstein* v. *Old Buckingham Corporation,* supra, our Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit, even though an opposing affidavit was filed. The present case is even more favorable to sustaining the trial court's action because here, although Caplan filed an unsworn statement in response to the plaintiff's motion for summary judgment, he did not file an opposing affidavit.

The trial court properly found that there was no genuine issue of material fact as to the defendant's liability on count three and rendered summary judgment only as to liability on that count. Caplan does not contest the amount of the judgment, attorney's fees or costs rendered after a subsequent hearing in damages.

Because the foregoing discussion of the third count is dispositive of this appeal, we do not reach Caplan's claims relating to count two of the complaint.

The judgment is affirmed.

In this opinion the other judges concurred.