[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #107
The plaintiffs, Mary Jo Lovely, James Athorn, and Barbara Athorn, commenced this breach of contract action against the defendant, Middlesex Mutual Assurance Company, to recover sums allegedly due under an insurance contract. The plaintiffs allege in a two count complaint that the defendant breached its insurance contract with the plaintiffs and also breached an implied covenant of good faith and fair dealing. The defendant now moves for summary judgment on the grounds that the plaintiffs failed to file CT Page 2810 suit within the time limitation provided in the policy and that the statute of limitations expired prior to commencement of this suit.
The complaint alleges the following facts. In November 1987, the defendant issued a policy of insurance covering a dwelling in Winsted, Connecticut to the plaintiff Barbara Athorn, which policy was later amended to cover the other plaintiffs. The policy insures the dwelling and personal property inside against risks of loss caused by the freezing of plumbing if the plaintiffs use reasonable care to maintain heat in the building. The plaintiffs allege that they used reasonable care to maintain heating in the dwelling, but that in March 1989 the oil used to heat the building was not delivered and the pipes froze and broke causing severe water damage to the dwelling and personal property inside.
The plaintiff Lovely contacted the defendant to report the loss, and the defendant tendered partial payment for initial work on the loss. An employee of the defendant, William M. Zimmer, informed Lovely that an inventory of the personal property loss was not necessary to settle the claim. In October 1989, Lovely supplied estimates of additional work to be completed on the dwelling. The plaintiffs allege that an agent of the defendant, Joe Carozzo, informed Lovely that an appropriate proof of loss had been signed. In May 1990, the plaintiffs received from the defendant a non-negotiable offer of settlement for the freezing/water damage of $20,913.92, which was an inadequate amount to repair the water damaged structure. The plaintiffs allege that this nonnegotiable offer constituted a breach of the insurance contract. In November 1990, Lovely contacted the defendant's agent to express an interest to come to a fair agreement. In November, 1990, in response to this contact and allegedly in breach of the policy, Zimmer notified the plaintiffs that the defendant was withdrawing its offer and denying liability for the loss. In August 1992, the plaintiff James Athorn requested that the defendant settle for the loss. In September 1992, the defendant sent a notice of nonrenewal of the policy to the plaintiffs. The plaintiffs allege that this nonrenewal and the grounds for it breached the contract. The plaintiffs allege that by the nonrenewal the defendant failed to treat plaintiffs in a fair and equitable manner. On September 28, 1992, James Athorn received notice from the defendant that it was denying the claim for loss.
The second count of the complaint incorporates the allegations of the first count and alleges additionally that the defendant by its actions unreasonably deprived the plaintiffs of the benefits CT Page 2811 reasonably anticipated from its contract of insurance, and breached an implied covenant of good faith and fair dealing.
The defendant has filed an answer and special defenses. The special defenses allege that the plaintiffs did not file suit within one year of the loss, and that the plaintiffs did not file a sworn proof of loss and, therefore, the first count is barred under the terms of the policy. The defendants also allege by way of special defense that the second count of the complaint is barred by General Statutes Sec. 52-577, the statute of limitations for torts. The plaintiffs filed a reply to the special defenses in the form of a general denial.
The defendant now moves for summary judgment, and has attached a memorandum of law, affidavit, and supporting documentation. The plaintiffs timely filed a memorandum in opposition, with an affidavit and supporting documentation. The defendant subsequently filed a reply memorandum.
DISCUSSION
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., supra,230 Conn. 664. "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Water Way Properties v. Colt's Mfg. Co., supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213, 217, ___ A.2d ___ (1994).
The defendant moves for summary judgment on the grounds that the plaintiffs are barred from bringing their breach of contract claim by the time for suit limitation in the policy, and that the bad faith claim is barred by the applicable statute of limitations. The defendant argues that since the insurance policy requires that CT Page 2812 suit be brought one year from the date of loss, the plaintiffs' claims are barred since they filed suit five years after that date. In addition, the defendant argues the plaintiffs have not sufficiently pleaded or proven that they have a valid excuse for non-performance of this condition, such as impossibility of performance, waiver, or estoppel.
The plaintiffs argue that their failure to comply with the one year limitation provision of the policy is excused due to impossibility, waiver and estoppel. They contend that they did not file suit within the one year limitation because they believed, based on the defendant's actions and representations, that their claim had been accepted. They point to the fact that partial payment was made on their claim, and the representations of the defendant's claim adjustor, who assured the plaintiffs that their claim was accepted and that everything was in order.
 I
The insurance policy in question provides that "[n]o action can be brought unless the policy provisions have been completed [sic] with and the action is started within one year after the date of loss." There is no dispute between the parties that the plaintiffs filed suit beyond this one year limitation.
"Such a provision in a contract of insurance is valid and binding upon the parties." Chichester v. New Hampshire Fire Ins.Co., 74 Conn. 510, 513, 51 A. 545 (1902); Monteiro v. AmericanHome Assurance Co., 177 Conn. 281, 283, 416 A.2d 1189 (1979). This provision requiring suit to be brought within one year does not operate as a statute of limitations. Chichester v. New HampshireFire Ins. Co., supra; Monteiro v. American Home Assurance Co.,
supra. Instead, "this condition is part of the contract so that it controls the rights of parties under the contract and hence, such rights must be governed by the rules of law applicable to contracts." Monteiro v. American Home Assurance Co., supra, citingChichester v. New Hampshire Fire Ins. Co., supra.
No action may be commenced after the expiration of time within which to bring suit unless this condition is: "(1) rendered impossible through the existence of such facts as by law of contract will excuse the performance of such condition, or (2) is waived by the insurer, or (3) the insurer has been guilty of such conduct as in law will constitute an estoppel to the assertion of its nonperformance." Vincent v. Mutual Reserve Fund Assn.,
CT Page 281374 Conn. 684, 686, 51 A. 1066 (1902). The plaintiffs argue that their failure to file suit within one year of the loss is excused by all three of these doctrines. The defendant claims that the plaintiffs have failed to plead or provide sufficient facts to constitute impossibility, waiver or estoppel.
The defendant argues that the plaintiffs did not plead waiver in their reply to the defendant's special defenses and therefore they should be precluded from raising this issue in opposition to this summary judgment motion. The defendant is correct that the issue of waiver should be specially pleaded, and thus the plaintiffs should have pleaded waiver in their reply to the defendant's special defenses. The failure to plead waiver, however, does not prevent the plaintiffs from raising the issue of estoppel. Under Connecticut law the doctrines of express waiver and estoppel are distinct. MacKay v. Aetna Life Ins. Co.,118 Conn. 538, 547-48, 173 A. 783 (1934). "Waiver is the voluntary relinquishment of a known right. . . . Estoppel rests upon the misleading conduct of one party to the prejudice of the other." (Citations omitted.) Id. Additionally, although the Connecticut Supreme Court has recognized the "analytical distinction between express waiver and estoppel," it has also held that "implied waivers and estoppels by conduct are so similar that they are nearly indistinguishable." (Citations and internal quotations omitted.) Hanover Ins. Co. v. Fireman's Fund Ins. Co.,217 Conn. 340, 351-52, 586 A.2d 567 (1991). The doctrine of equitable estoppel or estoppel in pais does need to be specially pleaded.Allied Grocers Cooperative, Inc. v. Caplan, 30 Conn. App. 274, 278,620 A.2d 165 (1993). As the court stated in Allied GrocersCooperative, "the rule that requires estoppel to be specially pleaded is archaic . . . and has not been the law for over a century." (Citations omitted.) Id. Therefore, the court may consider the plaintiffs' claim that the defendant is estopped from asserting the time limitation, even though the plaintiffs did not specially plead estoppel.
"[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Citations and internal quotations omitted.) Middlesex Mutual Assurance Co. v.Walsh, 218 Conn. 681, 699, 590 A.2d 957 (1991). "It is the burden of the party asserting a claim of estoppel to establish the CT Page 2814 existence of the elements essential to estoppel . . . and whether that burden has been satisfied in a particular case is an issue of fact." (Citations omitted.) Id.
The evidence submitted by the plaintiffs sufficiently raises an issue of fact as to whether the defendant has engaged in conduct constituting estoppel. In this case, the defendant claims that it did not receive a signed proof of loss statement from the plaintiffs, and in a letter to the plaintiffs dated April 20, 1990 gave this reason for denying their claim. The letter denying the plaintiffs claim, however, was not received until one year after the date of loss, and thus beyond the limitation in the policy. Acts occurring after the period for suit has run, however, cannot constitute a basis for estoppel. Hanover Ins. Co. v. Fireman'sFund Ins. Co., supra, 217 Conn. 351. The plaintiffs' affidavit presents facts within this time period that create a genuine issue of fact on the issue of estoppel. The affidavit of the plaintiff Lovely states that a proof of loss statement was signed and sent to the defendant. The affidavit also states that the defendant's claim adjustor represented to Lovely that the plaintiffs were covered for their losses and that the defendant was processing their claim, and that the claim was accepted. According to Lovely's affidavit, the defendant's adjustor told Lovely that she did not need to respond to a letter from the defendant requesting a proof of loss statement. He also repeatedly reassured Lovely and represented that everything was alright. Finally, prior to the expiration of the one year limitation, the plaintiffs received a partial payment from the defendant on their claim. The affidavit states that the reason suit was not filed was because the plaintiffs believed their claim had been accepted.
Construing these facts in a manner most favorable to the plaintiffs, as is required on a motion for summary judgment, a genuine issue of fact exists as to whether the defendant's actions induced the plaintiffs to believe that the claim had been accepted, and, therefore, they had no reason to file suit. The court cannot say as a matter of law "that the plaintiff[s] [were] not lulled into a false sense of security as regards the 12-month limitation claim." Boyce v. Allstate Insurance Company,10 Conn. L. Rptr. 569, 572 (January 5, 1994, Corradino, J.). The issue of whether the facts submitted constitute estoppel, however, is not for the court to decide, but is left to the trier of fact. MiddlesexMutual Assurance Co. v. Walsh, supra, 218 Conn. 681, 699; see also, 7 Couch, Insurance 2d Sec. 35:273. CT Page 2815
On a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 715, 717,447 A.2d 752 (1982). The plaintiffs have sufficiently presented evidence that a material issue of fact exists on the issue of estoppel.[1] Therefore, the motion for summary judgment as to the first count is denied.
 II
The defendant also contends that the second count claiming a breach of the implied covenant of good faith and fair dealing is barred by the three year statute of limitations for torts. The plaintiffs do not dispute that the statute of limitations for torts applies to the second count. Instead, they argue that they have sufficiently pleaded a continuing course of conduct on the part of the defendant, such that the statute of limitations did not begin to run until that course of conduct was completed.
Connecticut General Statutes Sec. 52-577 provides that "[n]o action founded upon a tort shall be brought within three years from the date of the act or omission complained of." The defendant argues that it committed no act or omission after November 12, 1990, and since the action was not filed until June 1994, it is entitled to summary judgment on this count. The plaintiffs argue that the wrongful termination of the insurance policy in 1992 was a part of a continuous course of conduct, and the lawsuit was brought within three years of that wrongful termination of the policy. Therefore, the plaintiffs claim that they brought this action within the statute of limitations for torts.
"When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 244, 520 A.2d 1008 (1987), quoting Handler v.Remington Arms Co., 144 Conn. 316, 321, 130 A.2d 793 (1957). "To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong." Nardi v. AA Electronic Security Engineering, Inc.,32 Conn. App. 205, 212, 628 A.2d 991 (1993); citing Fichera v. MineHill Corporation, 207 Conn. 204, 209, 541 A.2d 472 (1988). "Where [the court] has upheld a finding that a duty continued to exist CT Page 2816 after the cessation of the act or duty relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Id.
The second count of the complaint incorporates the allegations of the first count and alleges that the defendant's actions breached the implied covenant of good faith and fair dealing. Thus, the second count alleges that on September 15, 1992 the defendant breached its contract by not renewing the insurance policy due to the condition of dwelling. In addition, the complaint alleges that on September 28, 1992 the plaintiff James Athorn received notification from the defendant that the claim for loss for the freezing water and damage was denied. The complaint alleges that these actions were part of the conduct constituting a breach of the implied covenant of good faith and fair dealing. The plaintiffs, therefore, do not limit their claims for breach of the implied covenant of good faith and fair dealing to conduct occurring in 1990, but instead include in their allegations conduct occurring up through September 1992.
The continuous course of conduct doctrine is in application "conspicuously fact-bound." Blanchette v. Barrett, 229 Conn. 256,276, 640 A.2d 74 (1994). The plaintiffs' documentation submitted in opposition to this motion creates an issue of fact as to whether the statute of limitations is tolled under this doctrine. The two parties were in a continuous contractual relationship until the nonrenewal of the policy in September 1992, and there is an issue of fact as to whether the nonrenewal and ultimate denial of the claim at this time constituted a breach of the implied covenant of good faith and fair dealing. Therefore, an issue of fact exists whether the statute of limitations was tolled by a continuous course of conduct and the defendant's motion for summary judgment as to the second count is denied.
For these reasons, the defendant Middlesex Mutual's motion for summary judgment as to the first and second counts of the complaint is denied.
PICKETT, J.