[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 24, 1995, the plaintiff, Citibank, filed a summons and complaint against the defendant, William Evonsky, alleging that the defendant owes $6,176.70 charged to a Citibank mastercard account. The plaintiff seeks money damages, interest, costs, attorney's fees and a payment schedule against the defendant. The defendant filed an appearance on November 6, 1995, and an answer on November 20, 1995. Thereafter, the plaintiff submitted a request for admissions, to which the defendant replied by denying some of the admissions but failing to reply to the rest. Included in the admissions to which the defendant failed to reply were, "6. The Defendant William Evonsky used said Mastercard to purchase certain goods and services or obtain cash advances." And "15. The defendant William Evonsky defaulted in making his payments under the terms of the . . . credit card agreement." The credit card agreement, included by the plaintiff as exhibit A to the complaint, states "[the agreement] automatically becomes effective once the card is used."
On July 3, 1996, the plaintiff moved for summary judgment, CT Page 9476 arguing that "[b]y using the credit card [the defendant] became bound by its terms and conditions," and that "[t]he defendant did not make all required payments." The plaintiff also argues an absence of any material fact. The motion was accompanied by exhibits and affidavits of debt and attorney's fees. The defendant filed an objection to the motion for summary judgment, without supporting documents, on July 26, 1996. In his objection, the defendant argues that he never applied for the credit card account in question, that he never received the credit card agreement and, as such, no contract existed between the plaintiff and the defendant.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Doty v. Mucci, 238 Conn. 800, 805, ___ A.2d ___ (1996). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .'" Doty v. Mucci, supra, 238 Conn. 805, quotingMiller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "`[T]he party opposing [a] motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.'" Doty v.Mucci, supra, 238 Conn. 805, quoting Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994).
"Summary judgment can be granted on the basis of admissions resulting from a failure to respond to a request for admissions."Wilton Bank v. Loud, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139537 (April 24, 1995, Karazin, J.), citing Orenstein v. Old Buckingham Corp., 205 Conn. 572,576, 534 A.2d 1172 (1987); Practice Book § 239. Such admissions are conclusively established for the purposes of the present action. Practice Book § 240; Allied GrocersCooperative, Inc. v. Caplan, 30 Conn. App. 274, 620 A.2d 165
(1993).
The defendant, by failing to deny the plaintiff's requests for admission, admitted that he "used said Mastercard to purchase certain goods and services or obtain cash advances," and that he "defaulted in making his payments." These facts are now conclusively established, and there is no longer a genuine issue of material fact. Practice Book § 240. As such, The plaintiff's motion for summary judgment is granted. CT Page 9477
RYAN, J.