[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jacques Langley, filed a one-count complaint on March 20, 1995, alleging that he was injured when the defendant, Sharyl Gaskins, negligently drove a U-Haul van, which she had rented, into the rear of a motor vehicle stopped on Washington Street in New Haven. The plaintiff alleges that at the time of the accident he was a passenger in the van.
On April 8, 1996, the defendant filed both an amended answer denying all of the above allegations and a request for admissions directed to the plaintiff. The request for admissions included CT Page 7036 the following: that Jacques Langley paid a U-Haul dealer $57.64 so that Sharyl Gaskins could rent the U-Haul van; that on March 16, 1993, Jacques Langley was the driver of the U-Haul van when it hit the rear of the vehicle being operated by Kelly Moye on Washington Street in New Haven; that Jacques Langley paid $100 to Sharyl Gaskins so that he could drive the U-Haul van and hit the Moye vehicle; that after the impact referred to above occurred, Jacques Langley asked Sharyl Gaskins to get behind the wheel of the van and tell the police that she was the operator of the U-Haul van at the time of the impact. The plaintiff did not respond or object to these requests for admissions. On April 23, 1996, the defendant filed with the court a notice of her service of a request for admissions on the plaintiff pursuant to Practice Book § 238(b).
Thereafter, the defendant filed a motion for summary judgment on August 2, 1996, on the grounds that she was not operating the vehicle at the time of the accident and that plaintiff did not sustain any injuries as a result of the accident. The plaintiff did not file any opposing affidavits or a memorandum in opposition to this motion for summary judgment.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits or any other proof submitted show that the moving party is entitled to judgment as a matter of law." Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts, which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law." Doty v. Mucci, supra, 238 Conn. 805. "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162,168-69, 604 A.2d 1339 (1992), aff'd, 224 Conn. 240,618 A.2d 506 (1992). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Joe's Pizza, Inc. v. Aetna Life Casualty Co., 236 Conn. 863, 871 n. 13, 675 A.2d 441 (1996), CT Page 7037 quoting, Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202, 663 A.2d 1001 (1995). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman AssociatesNo. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 795,653 A.2d 122 (1995).
The defendant argues in her memorandum in support of the motion for summary judgment that due to the plaintiff's failure to object or respond to the request for admissions, these requests are deemed admitted.
"Pursuant to Practice Book § 238, a party may serve on any other party a request for admission of the truth of any matter relevant to the disposition of the pending action." Martins v.Connecticut Light Power, 35 Conn. App. 212, 227, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994). "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of notice required by § 238(b), or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Practice Book § 239; Allied Grocers Cooperative, Inc. v.Caplan, 30 Conn. App. 274, 279 n. 8, 620 A.2d 165 (1993). "Because [the plaintiff] did not respond to the request for admissions, those facts were conclusively established for purposes of [a motion for summary judgment]." Id., 279; Practice Book § 240. In Allied Grocers Cooperative, Inc. v. Caplan, supra, the Appellate Court affirmed the trial court's granting of summary judgment on the basis of admissions by a party who did not respond to a request for admissions and did not file any opposing affidavits or other documentary evidence. The defendant further argues in her memorandum in support of the motion for summary judgment that "[s]ince it is uncontroverted that the plaintiff was operating the U-Haul truck at the time of the accident and he sustained no injuries, he has failed to establish any duty owed to him by the defendant . . ."
"To prove negligence, it is necessary to prove that a duty existed, that the duty was breached and that the breach of the duty was the proximate cause of the victim's injury." Caron v.Adams, 33 Conn. App. 673, 689, 638 A.2d 1073 (1994). The burden of proof rests with the plaintiff to show a breach of some duty CT Page 7038 owed by the defendant. Schiavone v. Falango, 149 Conn. 293, 296,179 A.2d 622 (1962). Moreover, "[t]he law does not recognize a `duty in the air."' Shore v. Stonington, 187 Conn. 147, 151,444 A.2d 1379 (1982). "To sustain a cause of action, the court must determine whether the defendant owed a duty to the [plaintiff] . . . and the applicable standard of care." Id.
Plaintiff's allegations of negligence in his complaint focus solely on the defendant's duty as the driver of the U-Haul van at the time of the accident. The evidence presented to this court conclusively establishes that the plaintiff, and not the defendant, operated the U-Haul van at the time of the accident. It is therefore submitted that because the defendant was not the operator of the van, the defendant did not owe the plaintiff a duty care and summary judgment is proper as a matter of law.
Kevin P. McMahon, Judge