[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REOUEST TO REVISE # 109
The plaintiff has filed a request to revise seeking to delete the defendant's special defense of estoppel on the ground that it is improperly raised as a special defense pursuant to Practice Book § 164, now Practice Book (1998 Rev.) § 10-50.
"[T]he rule that requires an estoppel to be specially pleaded . . . is archaic . . . and has not been the law for over a century." (Citation omitted.) Allied Grocers Cooperative, Inc.v. Caplan, 30 Conn. App. 274, 278, 620 A.2d 165 (1993). InCaplan, the court determined that striking an estoppel defense would not preclude Caplan from proving estoppel, and accordingly, the court did not have to decide whether the trial court improperly struck Caplan's special defense. "The striking of thisunnecessarily pleaded special defense, whether erroneous or not, is not reversible error because it caused no harm to the defendant." (Emphasis added.) Id., 279. Thus, although estoppel need not be specially pleaded, it is inconsequential whether it is nevertheless specially pleaded, since either way it can be raised as a defense at trial. The plaintiff's request to strike the defendant's special defense raising estoppel is therefore CT Page 9505 denied.
DAVID W. SKOLNICK, JUDGE.