[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#113) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#116) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for negligent infliction of emotional distress wherein the plaintiff is seeking monetary damages.
In her complaint the plaintiff alleges that she was the patient of the defendant McNamee, a licensed physician, practicing as a gynecologist in the Waterbury offices of the defendant Associated Women's Health Specialists P.C. (hereinafter referred to as AWHS). She further alleges that as a result of an error by the defendant McNamee, she was mistakenly informed that the results of certain tests were "highly abnormal" and she was directed to report to his office. She further alleges that subsequent to that erroneous message it was determined that another patient's records had been mistaken for the plaintiff's and that she in fact had no reason to be distressed.
On October 7, 1997, the plaintiff caused to be served on each CT Page 59 of the defendants a request for admissions which included a request to admit, inter alia:
"10. On February 20, 1996 defendants McNamee and AWHS discovered such PAP smear results reported to plaintiff did not belong to plaintiff;" and
"13. Defendants McNamee and AWHS had a duty to report information to plaitniff [sic] that pertained to her and not other individuals."
The defendant failed to timely respond to that request and the allegations contained in the request were deemed to be admitted. To date, the defendant McNamee has not filed a motion to withdraw said admissions. He did file a reply to the request for admissions almost 12 months after having been served with the request which included an explanation for the untimely reply.
The plaintiff has since filed a motion for summary judgment (#113) and has argued that there are no issues of fact in this case because the defendants failed to file a timely response to her request for admissions, thereby admitting a duty owed to the plaintiff and the breach of that duty.
If a request for admission is ignored it is deemed admitted. Conn. Practice Book Sec. 13-23 Oernstein vs. Old BuckinghamCorporation, 205 Conn. 572, 575-77 (1987), Allied GrocersCooperative, Inc. vs. Caplan, 30 Conn. App. 274, 279-80 (1993). The Connecticut Supreme and Appellate Courts have consistently affirmed the granting of summary judgment based on admissions of a party who did not respond to requests for admissions. Orenstein, supra, 575-77, as well as Allied Grocers, supra 279-80.
The existence of a duty owed by the defendants to the plaintiff and the subsequent breach of that duty having been constructively admitted by the defendants, the court finds that there are no genuine issues of facts as to the liability of the defendants.
For the foregoing reasons, the plaintiff's motion for summary judgment is granted without prejudice for the defendants to file a motion to withdraw admissions or other pleading addressed to the request for admissions.
The plaintiff's motion for summary judgement having been CT Page 60 granted, this court takes no action on the defendant McNamee's motion for summary judgment (#116) at this time.
By the Court,
Joseph W. Doherty Judge