[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14969
This action arises from the publication of a letter to the editor in The News-Times on August 10, 1998. In his four count second revised complaint, the plaintiff, Robert Johnson, the subject of the letter, seeks compensatory and punitive damages from the defendant Conow Babbino, the author of the letter.
In his motion for summary judgment dated June 1, 2000, the defendant argues that because the plaintiff has admitted that the alleged defamatory statements are true and that he has suffered no emotional distress or damage to his personal or business reputation, the defendant is entitled to judgment as a matter of law as to each of the plaintiff's claims. The basis of the defendant's motion is the plaintiff's failure to respond to the defendant's requests for admissions dated January 14, 2000.[1] The plaintiff opposes the motion on the grounds that he did respond to two sets of interrogatories and requests for production, one of which specifically addresses the unanswered requests for admissions.[2] No motion to withdraw was made pursuant to Practice Book § 13-24.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register,Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster Electric Co.,157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781 (1991).
The court has reviewed the verified interrogatory responses as well as the requests for admissions. In addition, the court has reviewed the four count complaint which sounds in libel per se, false light invasion of CT Page 14970 privacy, intentional infliction of emotional distress and negligent infliction of emotional distress. Finally, the court read the letter that is the subject of this lawsuit.
Under Practice Book §§ 13-23 and 13-24, the plaintiff's failure to respond to the defendant's requests for admission in a timely fashion results in admissions that are conclusively established. Because, however, the requests for admissions do not address every potentially defamatory statement in the letter, he has not met his burden of eliminating all genuine issues as to material facts.
The verified responses to the interrogatories indicate that the issue of emotional distress, although the subject of the requests for admission, remains in dispute. In addition, the plaintiff responded under oath to the following interrogatory regarding the facts underlying the defamation:
 INTERROGATORY NO. 16: Identify each and every statement contained in the Letter that you contend was false.
 ANSWER: "30,000" people believe the NMPD is "understanding" and "praised them for being "understanding". Essay contest was not "improper". I never took money and I was never forced to stop or give back or return any money.
(Pl.'s Resp. to Def.'s First Set of Interrog. and Produc. dated May 17, 2000.)
In conclusion, while there are matters conclusively established under Practice Book § 13-24, the court finds that in light of the interrogatory responses there remains an issue of fact as to damages, specifically emotional distress. Further, the matters admitted here do not address every material allegation of the plaintiff's complaint. CompareAllied Grocers Cooperative, Inc. v. Caplan, 30 Conn. App. 274, 279 (1993) ("the request included statements that, if not contested, admitted each allegation of the complaint").
Accordingly, there exist genuine issues as to material facts. The motion is denied.
The parties are ordered to report for a scheduling conference no later than 12/20/00, and to call Assistant Clerk Mark Lutz to schedule such.
DiPentima, J. CT Page 14971