[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Metropolitan Property and Casualty Insurance Company, (Metropolitan) moves for summary judgment dismissing the complaint of Kermond and Mary Taylor which seeks uninsured motorist benefits from Metropolitan on the basis of injuries they suffered in a car accident caused by the alleged negligence of one Dennis Murphy on September 2, 1995. The Taylors seek benefits from Metropolitan's Policy No. 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-1 which was issued to Ruth Tourse, the mother of Kermond Taylor.
Metropolitan's motion appeared on the January 28, 2002 short calendar. The Taylors filed no papers opposing the motion, and their counsel did not appear at oral argument. On that state of facts, a court may properly decide the motion based on the sufficiency of proof submitted by Metropolitan. Heyman Associates No. 1 v. dnsmane Co. of Pennsylvania,231 Conn. 756, 795 (1995).
In support of its motion, Metropolitan offers its Requests for Admission served in July 1998 which were never responded to by the Taylors. The Requests for Admission are deemed admitted. Practice Book § 13-23(a). Summary judgment may be granted on the basis of such requests. Orenstein v. Old Buckingham Corp., 205 Conn. 572 (1987); AlliedGrocers Cooperative v. Caplan, 30 Conn. App. 274 (1993). Based on its requests, Metropolitan contends that at the time of the accident, Kermond Taylor owned the motor vehicle that was in the accident, and was insured under Metropolitan Policy No. 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-0. Kermond and Mary Taylor made claims under that policy and both received payment from Metropolitan of the full policy limits of $20,000. The Ruth Tourse policy (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-1) was canceled prior to the accident date and she received payment from Metropolitan for the unearned premiums. (Request Nos. 3, 4, 5, 7, 8, 13 and 14).
 Standard of Review
Summary judgment may be rendered where there is no genuine issue as to any fact material to the case, and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding such a motion, the court must view the facts in the light most favorable to the nonmoving party. Appleton v. Board of Education, 254 Conn. 205
(2000). A fact material to the case is one which will make a difference in the case outcome. Union Oil Co. v. Urban Development Commission,158 Conn. 364 (1969). It is not the court's function in deciding a summary judgment motion to determine facts issues, but only to determine whether there are issues of fact. Nolan v. Borkowski, 206 Conn. 495
(1988). The summary judgment procedure is designed to eliminate the delay and expense associated with the limitation of facts and issues about which there can be no real dispute. Wilson v. New Haven, 213 Conn. 277
(1989). CT Page 1291
 Discussion
The court finds that there is no genuine issue as to the factual contentions of Metropolitan, and they are deemed to be established. Having received the full policy benefits for uninsured motorist coverage under the Kermond Taylor policy, the Taylors in this action seek additional benefits under the Tourse policy which was canceled and not in force. The Taylor's claims for uninsured motorist benefits are limited to the only relevant policy in effect at the time of the accident. General Statutes § 38a-336 (d). They have no claim against a policy which was canceled before the accident.
The motion for summary judgment is granted, and the complaint is dismissed.
ADAMS, J.